## Wagonseller *against* Snyder.

The statute against betting on elections was intended to avoid all bets paid or unpaid, and to suppress any thing connected with the subject; it cannot, therefore, be eluded by an appended agreement which would give to an actual wager the similitude of something else.

ERROR to the common pleas of *Union* county.

John Snyder against Jacob Wagonseller. Appeal from the judgment of a justice. *Narr. in assumpsit*, for a horse sold and delivered.

The plaintiff and defendant had wagered a horse upon the result of the election of Lycoming county. When the parties were making the bet, something was said between them respecting the relative value of the horses, and the defendant agreed that if he lost his horse by the result of the election, instead of giving the horse, he would pay the plaintiff 40 dollars. The horses were placed at livery to await the result. After it was known that the plaintiff had won the bet, the defendant sent for his horse, and got him. This action was then brought.

The defendant requested the court to charge the jury,

1. That if the transaction be viewed as a bet on the event of the election, the plaintiff cannot recover.

Which the court answered in the affirmative.

2. That if the plaintiff relies upon a promise of the defendant to pay him 40 dollars, none such has been proved; and if proved, it is without consideration.

"The court, instead of giving the instruction requested on this point, leave it to the jury to decide upon the evidence whether there was an actual sale of the horse by the plaintiff, after it had become his property, to the defendant, and a promise to pay 40 dollars to the plaintiff for the same. If this was the real nature of the transaction, the plaintiff may recover; but not otherwise. This is the cause of action stated on the transcript, and the plaintiff must establish this, or fail in this action."

This opinion was the subject of the error assigned.

*Donnel*, for plaintiff in error, cited, 3 *Watts* 263; *Cowp.* 343; *Fonb.* 183.

*Greenough*, for defendant in error.

PER CURIAM.—The act was intended to avoid all bets, paid or

unpaid, and to suppress every thing connected with the practice.   It is the duty of the courts, therefore, to give it entire effect, and not to force an actual wager into the similitude of something else.   This wager, with an appended agreement to purchase back the *thing* betted at a stated price, was strangely converted into a sale, though it was in effect a bet of the sum named, it having been agreed to withdraw the animal from the transaction as soon as it should have played its part.   Could that device succeed, the statute might be eluded in every instance by ostensibly betting a chattel with a contingent right to sell it to the original owner for the sum covertly to be hazarded.   Were reclamation *thus to be cut off* by the passing of the maggot from the chrysalis into the butterfly, *the contract*, though essentially the same, might be enforced while executory; and the statutory right of recovery back, would be a dead letter.   Both the principle and the evidence to sustain it were erroneously put to the jury.

Judgment reversed.