## Forscht *versus* Green.

1. In the Act of July 2d 1839, forfeiting a bet on the election to the directors of the poor,—the provision that an action for the recovery shall be brought within two years, is a condition and not a statute of limitations which must be pleaded against a suit by the directors.

2. Where the right of the directors is not exercised, the bet stands as to ownership where it did before the enactment of the section.

3. The forfeiture is in the nature of a penalty, and the enactment therefore cannot be liberally construed.

4. If the directors did not claim the forfeiture within two years, the plaintiff may recover the bet from the stakeholder, on the ground that the money was paid on a contract which being prohibited by law is void.

ERROR to the Court of Common Pleas of *York county.*

This was an action of assumpsit, commenced May 7th 1865, by Samuel Forscht' *v.* Arthur N. Green, to recover $220, money deposited with the defendant as stakeholder, being the plaintiff's stake in a bet with John R. Donnell, on the Congressional election in the York district, in 1862. Forscht, the day after the election, claimed the money from the defendant, and gave him notice not to pay it to the other party; the defendant paid it over on an indemnity. The plaintiff having waited the two years allowed by the Act of July 2d 1839, § 115, Pamph. L. 544, Purd. 380, pl. 83, for the directors of the poor to bring suit, brought this action.

The court below (Fisher, P. J.) instructed the jury, that the plaintiff could not recover and directed them to find a verdict for the defendant, saying, amongst other things:—

" By giving the guardians or directors of the poor the right of action the legislature in 'fact declare the money bet forfeited to them. The two years does not divest their right to the thing forfeited; but limits the right of action. The right of property continues in them. They may sue for it after the expiration of the two years and recover it if the statute is not pleaded; for it must be pleaded to be used as a defence. If pleaded the right of action is barred; but the property is not for that reason revested in the original owner."

[Forscht v. Green.]

There was a verdict for the defendant; the instructions to find for the defendant were assigned for error.

*W. C. Chapman*, for plaintiff in error, cited Act of March 24th 1817, Purd. 380, pl. 82; Act of July 2d 1839, Id., pl. 86; McAllister v. Hoffman, 16 S. & R. 147; Scott v. Duffy, 2 Harris 19; Spiese v. McCoy, 6 W. & S. 487; App v. Coryell, 3 Penna. R. 494; Waggonseller v. Snyder, 7 Watts 343; Conklin v. Conway, 6 Harris 330; Mytinger v. Springer, 3 W. & S. 405; Lloyd v. Leisenring, 7 Watts 294; Reichly v. Maclay, 2 W. & S. 59; Waters v. Hixenbaugh's Administrator, 1 Casey 131.

*Cochran & Hays*, for defendant in error, cited Shearer v. Nickens, 3 Penna. L. J. 388; Mills v. Western Bank, 10 Cush. 22; Act of March 21st 1806, § 13, Purd. 41, pl. 5; Downer v. Downer, 9 Watts 60; Strickler v. Sheaffer, 5 Barr 240; Thomas v. Simpson, 3 Id. 60; Taylor v. Birmingham, 5 Casey 306; Ashford v. Ewing, 1 Id. 214; Commonwealth v. Garrigues, 4 Id. 9; Craven v. Bleakney, 9 Watts 19; Criswell v. Clugh, 3 Id. 330; Spigelmoyer v. Walter, 3 W. & S. 540; McKinney v. Mon. Nav. Co., 2 Harris 65; Commonwealth v. Straub, 11 Casey 137; Commonwealth v. Cope, 9 Wright 161.

The opinion of the court was delivered, October 17th 1866, by Thompson, J.—The plaintiff brought this suit against the defendant, who was the stakeholder, to recover back a sum of money bet on the result of the Congressional election, in the York, Cumberland and Perry district, in 1862, by him with one J. R. Donnell. It seems the defendant was notified by the plaintiff, immediately after the result was known, not to pay over the money to the winning party; but he disregarded the notice as well as the Act of Assembly, and paid it over on being indemnified for so doing.

It was claimed in the court below, on part of the defence, that the plaintiff could not recover against the stakeholder, because his interest in the money was by the terms of the 118th section of the Act of the 2d July 1839, Purd. Dig. 380, forfeited to the directors of the poor of the county of York; and of this opinion was the learned judge in the court below : and although the argument in support of this view is plausible, and supported by the decision of an able judge in the District Court of Philadelphia (Judge Pettit) in Shearer v. Nickens, 3 Penna. Law J. 388, we cannot agree that it is sound.

The section of the act declaring the forfeiture of the money bet to the authorities in charge of the poor of the district where such bet on an election shall be made, is in its terms conditional : "*provided*," it says, " suit is brought within two years from the

time of making such bet." In the preceding part of the section, it will be observed that the money or thing bet is given to the authorities in charge of the poor, by conferring on them a right of action to recover it, *provided* the right be exercised within the time fixed. Undoubtedly, the word "*provided*," generally creates a condition; and while it may, and often does express an exceptional or different meaning, we feel satisfied that that is not the case here. All right to claim the money after two years in favor of the poor authorities ceases, and how shall we say that that which they have no legal right to demand is, notwithstanding, vested in them as property? The proviso is not a statute of limitation, but a conditional limitation on the right to recover the money. Where the right is not exercised, the money or thing bet stands, as to ownership, where it did before the enactment of the section. It is in this respect in the nature of a *qui tam* liability, where property or money may be forfeited if sued for within a certain specified period, but which remains unaffected as to ownership if not so claimed or sued for. There are many provisions of this kind in our laws which the professional reader will readily call to mind. The argument, therefore, that the act vested the money or thing bet absolutely in the authorities in charge of the poor, can only be maintained by disregarding the condition on which it may become so. But the forfeiture being in the nature of a penalty, freedom of construction is forbidden by the common law, and we cannot disregard or construe away the condition.

How then stands the case? Inasmuch as the poor directors here did not claim the forfeiture while they might, and as that forfeiture was dependent upon their assertion of a claim according to law, the plaintiff's rights remain unaffected by that portion of the statute, and he may sue the stakeholder for it if he ever could have done so. That he could before the passage of the Act of 1839, where the stakeholder had been notified not to pay over the money, and did so in disregard of such notice, is settled by many cases: Scott *v.* Duffey, 2 Harris 19; App *v.* Coryell, 3 Penna. R. 494; Waggonseller *v.* Snyder, 7 Watts 343; Conklin *v.* Conway, 6 Harris 330; McAllister *v.* Hoffman, 16 S. & R. 147; Waters *v.* Hixenbaugh's Administrators, 1 Casey 131, and other reported cases.

This right to recover from the stakeholder seems to be rested on impregnable grounds, namely, that the money being paid on a contract prohibited by law, the contract being void, the owner's right of reclamation is not to be impeded by it.

The evil of betting on elections was very great prior to the Act of 1839, and the statute was passed to remedy it. It is our duty, therefore, to construe the statute so as to advance the remedy and suppress the mischief, and I know of no more effec-

[Forscht v. Green.]

tual way to do this than to hold, in cases like the present, where the poor directors fail to do the duty imposed by the statute, namely, to sue and recover money or property bet on elections, that the losing party's right to recover from the stakeholder remains and may be asserted. This we think is not only the best policy, but the only construction of which the statute of 1839 is susceptible.

These being our views of this case, the judgment must be reversed and the record remitted, so that it may be tried in accordance with the foregoing principles.

Judgment reversed, and *venire de novo* awarded.